**Wonzell COOPER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Vernon COOPER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 17647, 17648.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 20, 1963.

Decided Dec. 5, 1963.

Petition for Rehearing En Banc Denied May 27, 1964.

Mr. Lewis Carroll, Washington, D. C., with whom Mr. Richard S. T. Marsh, Washington, D. C. (both appointed by this court), was on the brief, for appellants

Mr. B. Michael Rauh, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Alfred Hantman, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM.

Vernon and Wonzell Cooper appeal from convictions of robbery. D.C.Code § 22–2901. They claim that the identification testimony of the robbery victims who viewed and identified appellants in a line-up should be excluded both because they were present in that line-up while under an alleged illegal arrest and because their detention at that time violated Rule 5(a), Fed.R.Crim.P.

The District Court did not grant a hearing on the legality of the arrests or the detention because it ruled that the testimony of these witnesses could not be excluded. In Payne v. United States, 111 U.S.App.D.C. 94, 294 F.2d 723, cert. denied, 368 U.S. 883, 82 S.Ct. 131, 7 L. Ed.2d 83 (1961), we refused to exclude identification testimony by a witness who

had seen the defendant in a line-up during a detention which violated Rule 5(a). We need not decide now whether *Payne* applies where the defendant is arrested without probable cause in violation of the fourth amendment, since the Coopers' allegations of lack of probable cause are insubstantial. In Vernon Cooper v. United States, No. 17682 (D.C.Cir. Oct. 24, 1963), a hearing resulted in a finding of probable cause for Vernon's arrest. Vernon and Wonzell were arrested simultaneously upon the same informant's lead. Here as in No. 17682 the only attack on the arrest relates to the reliability of this informant. We think that a remand for a hearing on that issue would serve no useful purpose.

Affirmed.